MEMORANDUM ***
J.M., a minor, by and through his next friend Nereyda Pineda, appeals from a final judgment after a jury trial on his § 1983 and state law claims against two Los Angeles Police Department officers. We affirm.
As J.M. had opened the door through his own expert’s testimony about the existence of incidents of aggressive behavior in his medical records, it was not improper for the district court to allow the officers’ expert to give his own assessment. See, e.g., United States v. Kessi, 868 F.2d 1097, 1108 (9th Cir.1989); United States v. Whitworth, 856 F.2d 1268, 1285 (9th Cir.1988). Nor, in any event, was J.M. prejudiced, as the statements simply indicated the general existence of such incidents without specifics. We read Dr. Jacks’s statement about “the biggest chip on your shoulder” to explain the condition (intermittent explosive disorder), not to refer to J.M.’s character. Dr. Jacks did not merely vouch for the credibility of some other witness, therefore J.M.’s vouching argument also fails. See United States v. Finley, 301 F.3d 1000, 1015 (9th Cir.2002).
Even if it were erroneous for the officers’ counsel to ask about the financial impact of an adverse verdict, the error was promptly cured by a limiting instruction. No objection was made to counsel’s reference to adverse impact on their careers during closing argument, and we cannot say that allowing the comment was plainly erroneous.
Likewise, J.M. cannot have been prejudiced by the reference to lack of photographs in closing argument. This was an accurate reflection of the state of the record following the testimony of J.M.’s mother. To the extent J.M. complains that counsel must have known the photographs actually did exist based on J.M.’s seeking to introduce one photograph on the last day of trial, that photograph was unauthenticated.
In sum, we see no misconduct, and no prejudice.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.